ELFENHEIM et al. v. VON HAFEN.

(City Court of New York, General Term. May 9, 1893.)

SALE OF LAND—DEFECTIVE TITLE—DAMAGES.

The sum paid by an intending purchaser for searching the title to land may, where the title is found incumbered, be properly allowed as part of the damages in an action to recover a deposit paid on the contract of purchase. Fitzsimons, J., dissenting, on the ground that the title was not in fact incumbered.

Appeal from trial term.

Action by Abraham Elfenheim and others against Dorette Von Hafen. Judgment for plaintiffs. Defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and FITZSIMONS and NEWBURGER, JJ.

J. M. & T. B. Seaman, for appellant.
Samuel Strasbourger, for respondents.

EHRLICH, C. J.  The action was to recover back a deposit of $500, paid on a contract for the purchase of real estate, on the ground that the title was incumbered by an unexpired lease of record, uncanceled and unsurrendered.  There was no doubt about the existence of the lease, and that it constituted such a defect in the title that the vendee could not be required to take.  It was claimed by the defendant that the lease had been surrendered, and was hence no incumbrance.  The facts respecting the alleged surrender went to the jury, and they found against the defendant thereon.  The evidence sufficiently sustains the finding.  It was not a case in which the court could have directed a verdict in favor of the defendant.  The $150 for searching the title was properly allowed as part of the damages.  The exceptions are without merit, and the judgment appealed from must be affirmed, with costs

NEWBURGER, J., concurs.

FITZSIMONS, J., (dissenting.)  The undisputed testimony shows that the lease referred to was surrendered and accepted, and such surrender and acceptance are sufficient in law.  It was therefore the duty of the trial justice to direct a verdict for defendant, as requested by defendant.  It was error not to do so.

The judgment should be reversed, and a new trial ordered.